IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **WILLIAM LEE ANDERSON, II,** ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **MARIANNE WOOLF,** ) <br> Defendant. ) | Civil Action No. 7:15-cv-00110 <br><br> **MEMORANDUM OPINION** <br><br> By: Hon. Michael F. Urbanski <br> United States District Judge | |
| **WILLIAM LEE ANDERSON, II,** ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **C. RANDALL LOWE,** ) <br> Defendant. ) | Civil Action No. 7:15-cv-00111 <br><br> **MEMORANDUM OPINION** <br><br> By: Hon. Michael F. Urbanski <br> United States District Judge | |
| **WILLIAM LEE ANDERSON, II,** ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **GEORGE CHIP BARKER,** ) <br> Defendant. ) | Civil Action No. 7:15-cv-00112 <br><br> **MEMORANDUM OPINION** <br><br> By: Hon. Michael F. Urbanski <br> United States District Judge | |

William Lee Anderson, a Virginia inmate proceeding pro se, filed these actions pursuant to 42 U.S.C. § 1983, naming as defendants Marianne Woolf, who successfully prosecuted Plaintiff for an unspecified crime; Judge C. Lowe, who presided over the criminal trial; and attorney George Barker, who represented Plaintiff during the criminal trial. Plaintiff alleges defendants violated his constitutional rights, and he requests damages and his immediate release or a new sentence.

The court dismisses these actions without prejudice as frivolous for pursuing indisputably meritless legal theories.[1] See, e.g., Neitzke v. Williams, 490 U.S. 319, 327 (1989). It is well settled that an inmate's sole remedy in federal court to request a speedier release from custody is a properly-filed petition for a writ of habeas corpus. See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). It is also well settled that a § 1983 claim cannot succeed where a judgment in the inmate's favor would necessarily demonstrate the invalidity of confinement. Heck v. Humphrey, 512 U.S. 477, 486-88 (1994). Moreover, Woolf and Lowe enjoy immunity for their acts and omissions during Plaintiff's criminal proceedings, and Teller did not act under color of state law when he represented Plaintiff in the criminal proceedings. See, e.g., Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985); Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980). Accordingly, Plaintiff pursues indisputably meritless legal theories to recover money and compel his release via 42 U.S.C. § 1983 while still incarcerated and without showing favorable termination of the criminal proceedings. See Heck, 512 U.S. at 487 (noting favorable termination is when the conviction or sentence has been reversed on direct appeal, expunged by executive order, or declared invalid by a state tribunal or federal court).

Entered: May 8, 2015

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

[1] Although the court liberally construes pro se complaints, the court do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).